UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WILLIE PRICE, JR.**                                                 **CIVIL ACTION**

**VERSUS**                                                            **NO. 11-2359**

**STATE OF LOUISIANA**                                                **SECTION: "C" (6)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST.**

### PROCEDURAL HISTORY

Petitioner, Willie Price, Jr., is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On June 29, 2007, Price was charged with attempted second degree murder and attempted simple robbery. He was ultimately convicted as charged

in a bench trial on June 24, 2008. On August 25, 2008, petitioner was adjudicated to be a second felony offender and was sentenced as such to a term of life, without benefit of parole, probation or suspension of sentence on the attempted second degree murder charge and to a term of seven years on the attempted simple robbery charge, each sentence to run concurrently.[1]

Petitioner filed an appeal of his conviction, raising the issues of insufficient evidence and that the trial court erred in failing to consider any sentence except mandatory life.[2] Petitioner's conviction was affirmed on November 4, 2009 but the matter was remanded to the trial court for consideration of petitioner's motion to reconsider sentence.[3] The trial court denied that motion on December 14, 2009 and petitioner failed to seek further review on direct appeal.

Petitioner subsequently filed several requests for writs of mandamus with the Louisiana Court of Appeal, Fourth Circuit, asserting that the trial court had failed to render

---

[1] See Docket Master entries for the referenced dates, State Rec. vol. 1.

[2] The appellate court also found two patent errors; i.e., that the trial court failed to rule on a motion to reconsider sentence and that the sentence rendered was illegally lenient. The illegally lenient sentence was not appealed by the state thus the sentence was not amended. The court also remanded the case to the trial court to rule upon the motion to reconsider sentence. See copy of appeal decision in State Rec. vol. 3 or 6.

[3] *State v. Price*, 25 So.3d 256 (La. App 4th Cir. 2001)(TABLE); See State Rec. vol. 3 or 6 for a copy of the written opinion.

2

a decision on his allegedly earlier filed post-conviction application.[4] On March 25, 2011, petitioner's first writ of mandamus request in 2011-K-0272 was denied since he had failed to attach his post-conviction application and one could not be located in the district court's record.[5] On May 18, 2011, petitioner's writ of mandamus was granted and the post-conviction application[6] was transferred to the district court for consideration. On September 12, 2011, the Fourth Circuit also granted the writ of mandamus in 2011-K-1204, ordering the district court to rule on petitioner's application for post-conviction relief within 60 days. The district court ruled on Price's post-conviction application on November 10, 2011, denying relief.[7]

In his federal habeas petition, Price appears to be claiming that he was falsely arrested and convicted and that he can prove the same based on new evidence that the

---

[4] See Writ Applications in State Rec. vol. 6:  2009-K-0110, filed January 26, 2009; 2011-K-0272 filed February 25, 2011; 2011-K-0482 filed April 7, 2011; 2011- K-1204 filed August 29, 2011 ; and, 2011-K-1425 filed October 12, 2011.

[5] State Rec. vol. 6 contains a copy of the ruling on this mandamus request.

[6] In his post-conviction application, petitioner raised the issue that new evidence of malfeasance and/or illegal activity had surfaced with regard to the police officers who were involved in the crime which resulted in his conviction. Petitioner requested an evidentiary hearing in the trial court.

[7] A staff member of the undersigned Magistrate Judge contacted the law clerk for Section "B", Orleans Parish Criminal District Court to determine the status of Price's pending post-conviction application, since the ruling was not in the state court record.  Additionally, the State filed a supplement to its response on November 16, 2011 and provided the court with a copy of these relevant rulings from the state district court. (See Rec. Doc. 12). According to the rulings provided, the district court had previously denied a post-conviction request for evidentiary hearing on January 22, 2010 as well as denied a subsequently filed PCR on November 10, 2011. (See rulings attached to the State's supplemental response).

officers involved in the crime he committed have now been found to have committed malfeasance and/or illegal activity. It is clear from the record before this court that petitioner has yet to bring this claim to the Louisiana Fourth Circuit Court of Appeal or to the Louisiana Supreme Court.[8]

## EXHAUSTION

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "This longstanding exhaustion requirement is not jurisdictional, but 'reflects a policy of federal-state comity ... designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Anderson v. Johnson*, 338 F.3d 382 (5th Cir. 2003)(quoting *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir.2001). "To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court ..." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally

---

[8]Moreover, a staff member of the undersigned Magistrate Judge contacted the Deputy Clerk for the Louisiana Supreme Court and confirmed that Willie Price, Jr. has never sought relief from this conviction in that court.

proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). In this case, the State notes in its response that petitioner has not sought review of his state post-conviction claim from the Louisiana Court of Appeal, Fourth Circuit or from the state's highest court, the Louisiana Supreme Court.[9] Until such time as petitioner has exhausted his claim before all levels of the state court system, this court must dismiss his petition without prejudice for failure to exhaust. See 28 U.S.C. § 2254(b)(1)(A).

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Willie Price, Jr. be **DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

---

[9] Fed. Rec. Doc. 11, p. 5.

findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[10]

New Orleans, Louisiana, this 18th day of November, 2011.

$\rule{3in}{0.4pt}$
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

[10]*Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.